UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HUDDLESTON,<br>     Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 5:24-cv-00003 |
| VANDYK MORTGAGE<br>     Defendant. | §<br>§<br>§ | |

**DEFENDANT'S MOTION TO DISMISS
BASED ON FORUM NON CONVENIENS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, VANDYK MORTGAGE, Defendant in the above-entitled and numbered cause, and files this its Motion to Dismiss Based on Forum Non Conveniens, and in support thereof would respectfully show as follows:

**I.     INTRODUCTION**

1.0   This Court should dismiss this matter for forum non conveniens because the parties have a valid and enforceable forum selection clause that mandates that this action be litigated in Michigan state court located in Kent County, Michigan, or Grand Rapids, Michigan. The forum selection clause provides that the Plaintiff Christopher Huddleston and Van Dyk Mortgage "agree that should any dispute arise out of the interpretation or operation of this Agreement, such matters shall be litigated in a Michigan State Court located in either Kent County or Grand Rapids Michigan." *See* Ex. A. This provision is valid, enforceable, and applies to the claim advanced in this lawsuit.

1.1   On or about March 22, 2022, Christopher Huddleston ("Plaintiff" or "Huddleston") executed an employment agreement with Van Dyk Mortgage (the "Contract"), which governed Plaintiff's conditions of employment, including operational costs and expenses, compensation, and each party's respective responsibilities. On December 6, 2023, Huddleston filed suit in

Webb County, Texas, against Van Dyk Mortgage ("Van Dyk") for breach of contract. Huddleston alleges in his Original Petition that Van Dyk breached its Contract regarding the treatment of certain expenses, compensation, and other terms of employment. Because the present dispute arises out of the operation or interpretation of the parties' contractual obligations, the proper and exclusive venue for this dispute is in Michigan. Huddleston's lawsuit therefore should be dismissed.

## II.    LAW & ANALYSIS

2.0    The proper mechanism to enforce a forum selection clause that calls for litigation in a domestic state court or in a foreign court is through a motion to dismiss on grounds of forum non conveniens. *Atlantic Marine Construction Co. v. United States District Court*, 134 S. Ct. 568, 580 (2013); *Weber v. PACT XPP., AG*, 811 F.3d 758 (5th Cir. 2016). Thus, a party seeking to enforce a mutually agreed upon forum selection clause designating a non-federal forum may do so by simply invoking the doctrine of forum non conveniens. *Atlantic Marine Construction Co.*, 134 S. Ct. at 580.

2.1    Typically, the forum non conveniens analysis requires that the court first determine whether an adequate alternative forum exists, and if so, decide which forum is best-suited to the litigation by evaluating several private- and public-interest factors. *Barnett*, 831 F.3d at 300. Further, the court must give the plaintiff's choice of forum deference. *Id.* However, the presence of a valid, enforceable forum-selection clause simplifies the framework. First, no weight is given to the plaintiff's chosen forum because the plaintiff effectively exercised its venue privilege having contracted for a specific forum before a dispute arose. *Id.* Rather, a party opposing enforcement of the forum selection clause must establish that transfer to the contracted-for forum is unwarranted. *Atl. Marine Constr. Co. v. United States Dist. Court,* 134 S. Ct. 568, 581 (2013). Second, the *private*-interest factors "weigh entirely" in favor of the contracted-for forum; therefore, the court can only consider arguments regarding the *public*-interest factors. *Barnett*, 831 F.3d at 300. When parties agree to a forum-selection clause, they waive the right to

challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 582 (2013). Thus, a valid forum-selection clause controls the forum non conveniens inquiry "in all but the most unusual cases." *Id.* at 583. This approach recognizes that contractually selected forums often are central to the parties' negotiations and become part of the parties' settled expectations. *Id.* As a result, dismissal does not work as an injustice in situations where a plaintiff disregards such a contractual commitment.

2.2   The enforceability of a forum selection clause is determined according to federal law, including in diversity cases. *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 301 (5th Cir. 2016) (recognizing that in "diversity cases, federal law governs the 'enforceability' for forum-selection clauses in this circuit."). Courts must treat forum-selection clauses as presumptively valid and enforceable, and the party opposing enforcement bears a heavy burden to overcome this presumption. *Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008).

2.3   Once the validity and scope of the clause is established, dismissal is appropriate unless the Court finds that the plaintiff has shown "extraordinary circumstances unrelated to the convenience of the parties" demonstrating that public interest factors "overwhelmingly disfavor" dismissal. *See Atl. Marine Constr.*, 134 S. Ct. at 575, 581. Where there is a valid and mandatory forum-selection clause, the party defying the forum-selection clause bears the burden of establishing that the public-interest factors "overwhelmingly disfavor" dismissal. *Atl. Marine*, 134 S. Ct. at 583. The Supreme Court has emphasized that a "valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 579.

2.4   Here, the contracted-for forum is Michigan state court, located in either Kent County, Michigan, or Grand Rapids, Michigan. *See* Ex. A. The forum selection clause in the Contract is valid and enforceable, and the Court must presume so unless and until the Plaintiff overcomes his heavy burden to establish otherwise. The parties selected Michigan state courts as their

3

forum of choice to resolve all disputes arising from the interpretation or operation of the Contract, and the parties should be held to their decision.

2.5   Plaintiff asserts a cause of action for breach of the Contract. In this matter, the parties agreed that in any dispute arising from the "interpretation or operation of this Agreement, such matters *shall* be litigated in a Michigan State Court located in either Kent County or Grand Rapids Michigan." *See* Ex. A. (emphasis added). Plaintiff improperly filed suit in Texas state court, and Van Dyk thereafter removed the case based on diversity jurisdiction. *See Int'l Software Sys. v. Amplicon, Inc.*, 77 F.3d 112 (5th Cir. 1996) (finding lower court was permitted to dismiss a case based solely on a forum selection clause following removal, even though personal jurisdiction and venue was otherwise proper). The parties' forum selection clause is broadly drafted to encompass all claims involving the operation or interpretation of the Contract. The dispute between the parties clearly involves interpretation and operation of the Contract, which defines the parties' obligations, and the alleged dispute is only actionable if based on an alleged violation of some duty or obligation under the Contract.

2.6   The parties entered into an arm's length agreement that contains a forum selection provision mandating that all disputes arising from the Contract be adjudicated in the state district courts of Michigan, located either in Kent County, Michigan, or Grand Rapids, Michigan. The forum selection clause is valid, enforceable, and encompasses Plaintiff's claim. Furthermore, Plaintiff cannot meet his high burden to show that the clause is unreasonable.

### III.   CONCLUSION & PRAYER

Because a valid and enforceable forum selection clause exists, the Court should enforce the clause by dismissal under the doctrine of forum non conveniens. Accordingly, in the interest of justice and judicial economy, this Court should dismiss Plaintiff's claim without prejudice on forum non conveniens grounds.

WHEREFORE, PREMISES CONSIDERED, Defendant Van Dyk Mortgage prays that the Court grant Defendant's Motion to Dismiss for Forum Non Conveniens and dismiss all of Plaintiff's claims on the basis of forum non conveniens.

Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
P.O. Box 3725
818 W. Pecan Blvd. (78501)
McAllen, Texas 78502
Tel: (956) 682-5501
Fax: (956) 686-6109

By: __/s/ Daniel G. Gurwitz_____
    Daniel G. Gurwitz
    State Bar No. 00787608
    Federal ID No. 16895
    Email: dgurwitz@atlashall.com
    **ATTORNEY FOR DEFENDANT VANDYK MORTGAGE**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _15th_ day of January, 2024, a true and correct copy of the above and foregoing document has been forwarded to all counsel of record via electronic service and in accordance with the Texas Rules of Civil Procedure:

Armando Trevino
Law Offices of Ramos-Trevino
1519 Washington St., Suite 1
Laredo, Texas 78040
Tel: (956) 726-1638
Fax: (956) 462-7555
Armandotrevinolaw@gmail.com
**Attorney for Plaintiff**

__/s/ Daniel G. Gurwitz_____

Daniel G. Gurwitz